IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **FALCON TRACE CONDOMINIUM ASSOCIATION, INC.**<br>10300 West Rd.<br>Harrison, OH 45030 | ) ) ) ) ) | **CASE NO:** |
| | ) | **JUDGE** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **COMPLAINT** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>STAT. AGENT: CSC – Lawyers Incorporating Service<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215 | ) ) ) ) ) ) | **JURY DEMAND**<br>**ENDORSED HEREON** |
| **Defendant.** | ) | |

## COUNT ONE
### (Breach of Contract)

1. Plaintiff, Falcon Trace Condominium Association, Inc. (hereinafter referred to as Plaintiff) now is and at all times herein mentioned was a corporation and/or business organized and existing under the laws of the state of Ohio and engaged in doing business in Hamilton County.

2. At the time of the subject loss, Plaintiff owned property and/or had an interest in property located at 10300 West Road, Harrison, Ohio 45030, in Hamilton County, State of Ohio, hereinafter referred to as the "subject property".

3. Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "Defendant"), now is and at all times herein mentioned was a corporation and/or business organized and existing under the laws of the state of Illinois and engaged in doing business in Hamilton County as an insurer pursuant to the general insurance laws of the state of Ohio.

4. Defendant, for and in consideration of a valuable premium paid, issued to Plaintiff its insurance Policy No. WA0200165227-03 covering loss due to damage by a covered cause of

loss to property located at the subject property. Plaintiff is a Named Insured under the subject Policy. A copy of said declaration pages of the policy, including the form and endorsement numbers, showing the coverages that Plaintiff believes were in effect at the time of the covered loss, is attached hereto as Exhibit A.

5. On or about August 20, 2020, a hailstorm and/or windstorm occurred at the subject property in which the subject property was damaged by the hailstorm and/or windstorm. The hailstorm and/or windstorm is a covered cause of loss under the subject insurance policy.

6. At the time of the covered cause of loss, the subject property was insured under a policy of insurance issued by Defendant to Plaintiff. After the subject loss, Plaintiff notified Defendant of the loss and damage and made a proper and timely claim for their loss pursuant to the terms of the subject insurance policy with Defendant. Plaintiff thereafter has fully complied with each and every term, condition, and provision of the policy of insurance on their part to be performed, within their control, and/or have been waived by Defendant, and/or Defendant is estopped from asserting those defenses in regards to the covered loss.

7. The policy of insurance was in full force and effect at the time of the loss and damage. Defendant failed to pay Plaintiff the amount due and owing to Plaintiff under the terms of the policy.

8. Defendant had a duty to pay for any covered loss sustained for which its insured is legally entitled to collect as a result of such loss. This contractual obligation is subject only to any applicable limits which are expressly and unambiguously stated in the insurance policy.

9. Defendant breached its duty pursuant to the insurance policy contract by failing to tender Plaintiff the full amount of benefits available for damages caused by the covered cause of loss.

10. Plaintiff further does not waive its rights under the subject insurance policy by filing this action.

11. As a result of the subject loss, Plaintiff sustained damage to the subject property. The provisions of the insurance policy require Defendant to pay Plaintiff's damages to the described property as a result of the subject covered loss which in this case is in excess of Twenty-Five Thousand Dollars ($25,000).

12. As a direct and proximate result of the actions and omissions of Defendant, through its agents, attorneys, adjusters and investigators, Plaintiff has sustained damages as outlined in this complaint and the prayer for damages.

## COUNT TWO
### (Bad Faith)

13. Plaintiff reaffirms and realleges each and every allegation set forth in Count One of this complaint as if fully repeated herein.

14. Defendant, through its agents, adjusters and investigators, acted unreasonably, without reasonable justification, intentionally, recklessly and/or not in good faith in the adjustment and/or investigation of Plaintiff's claims.

15. Defendant, through its agents, adjusters and investigators, breached its duty of good faith by failing to adjust and/or investigate Plaintiff's claims with reasonable justification.

16. Defendant, through its agents, adjusters and investigators, breached its duty of good faith by intentionally refusing to adjust and/or investigate Plaintiff's claims with reasonable justification.

17. Defendant, through its agents, adjusters and investigators, breached its duty of good faith by intentionally failing to determine whether its refusal to adjust and/or investigate Plaintiff's claims with reasonable justification had a lawful basis.

18. Defendant, through its agents, adjusters and investigators, breached its duty of good faith by failing to determine whether its refusal to adjust and/or investigate Plaintiff's claims with reasonable justification had a lawful basis.

19. The actions of Defendant, through its agents, adjusters and investigators, in failing to adequately and properly investigate and/or adjust Plaintiff's claim constitutes willful, wanton, purposeful, knowing, and/or reckless disregard of the Plaintiff's rights and of the Defendant's obligations under the policy of insurance, and the requirements of law, and as such, Defendant has acted with actual malice toward the Plaintiff.

20. Defendant, through its agents, adjusters and investigators, committed bad faith in the adjustment of said claim by not adjusting said claim with reasonable justification.

21. Defendant, through its agents, adjusters and investigators, committed bad faith including, but not limited to the following actions:

    a) Failing to conduct an adequate investigation of the claim;

    b) Failing to pay Plaintiffs' claim and forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    c) Unreasonably relied upon the opinions and/or findings of a forensic investigator;

    d) Failing to exercise good faith in the processing of Plaintiffs' claims;

    e) Compelling the insured to litigate by offering substantially less than the amounts claimed;

    f) Failing to hire a qualified and/or unbiased forensic investigator to investigate Plaintiffs' claims;

    g) Failing to comply with the requirements of the Ohio Administrative Code

3901-1-54;

    h)     Failing to consider the full scope of repair;

    i)     Forcing the insured to accept an unreasonable method of repair.

22.     The actions and omissions of Defendant, through its agents, adjusters and investigators, demonstrate malice, oppression, or insult and Defendant, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

23.     As a direct and proximate result of Defendant's lack of good faith, Plaintiff suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

24.     As a direct and proximate result of the actions and omissions of Defendant, through its agents, attorneys, adjusters and investigators, Plaintiff has sustained damages as outlined in this complaint and the prayer for damages.

**WHEREFORE,** Plaintiff, Falcon Trace Condominium Association, demands judgment against Defendant, State Farm Fire and Casualty Company, for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000), including, but not limited to, contractual damages, bad faith damages, mental anguish and suffering, economic loss, emotional distress and anxiety, inconvenience, increased loss of use, economic harm, litigation expenses, attorney's fees, costs, prejudgment interest, and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), including, but not limited to, bad faith damages, and for other costs, interest, expenses and attorney's fees as allowed by law and other relief as this court deems just.

Respectfully submitted,

**WHETSTONE LEGAL, L.L.C.**
*/s/ Stephen Whetstone*
Stephen Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076
P: 740-785-7730
F: 740-205-8898
steve@whetstonelegal.com
Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues contained herein.

*/s/ Stephen G. Whetstone*
Stephen G. Whetstone (0088666)

**REQUEST FOR SERVICE:**

Plaintiff requests this Clerk of Courts to serve Summons and Complaint upon the Defendant by Certified Mail Service.

*/s/ Stephen G. Whetstone*
Stephen G. Whetstone (0088666)